The DUKE, Inc. v. FLORIDA FARM
BUREAU INSURANCE COMPANIES.
No. 74 1732 SP 07.
County Court, Palm Beach County.
July 22, 1974.

Carl L. Campbell of Warwick, Paul & Campbell, Palm Beach for the plaintiff.

A. Russell Bobo of Jones, Paine & Foster, West Palm Beach, for the defendant.

EDWARD RODGERS, Judge.

This matter coming before the court on the statement of claim filed by plaintiff, the Duke, Inc., and against defendant, Florida Farm Bureau Insurance Companies, and the court having heard argument of counsel, and considering the respective testimony of witnesses, and being otherwise fully advised in the premises, the court finds as follows —

That the instrument in question, a draft drawn by Florida Farm Bureau Insurance Companies, is governed by the Uniform Commercial Code in Florida, Chapter 673, Florida Statutes. Under Florida Statute 673.104 any writing to be a negotiable instrument must —

"(a) be signed by the maker or drawer; and

(b) contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this chapter; and

(c) be payable on demand or at a definite time; and

(d) be payable to order or to bearer."

The draft in question bears the language "upon acceptance will pay." This language cannot be construed as an unconditional promise to pay and therefore this instrument cannot be considered a negotiable instrument under the statute herein cited above.

The plaintiff, the Duke, Inc., a third party holding this instrument, cannot be regarded as a holder in due course under Florida Statute 673.302 because it did not take a "negotiable" instrument as defined in the statute.

It is thereupon ordered and adjudged that the plaintiff recover nothing from defendant, Florida Farm Bureau Insurance Companies, and that said defendant go hence without day, costs to be born by the respective parties.